**SEILLER v DUNN et**

Ohio Common Pleas, Franklin Co

No 151785. Decided Dec 30, 1937

## OPINION

By REYNOLDS, J.

This is an action brought by plaintiff to restrain defendants, as members of the Tax Commission, from collecting an assessment for sales tax made against plaintiff under the provisions of §5546-12a, GC.

Defendants have filed a demurrer on the grounds that the petition does not state a cause of action.

The finding of the Commission making the assessment, is as follows:

"That an examination and audit of the records of said M. W. Seiller, discloses no separate records of the tax collected from the consumers and the amount of such collections. And further discloses that the aggregate collections from consumers is less than 3% of said M. W. Seiller's sales (being retail sales as defined in §5546-1 GC and except those specifically excluded by subparagraphs 1 to 12 inclusive of §5546-2 GC) as required by §5546-12a GC.

"The Commission finds that these per centum of the sales for 1936 (being retail sales as defined in §5546-1 GC, and except those specifically excluded by sub-paragraphs 1 to 12, inclusive, of §5545-2 GC) of said M. W. Seiller amounts to $4392.25. The Commission finds that ·M. W. Seiller collected and cancelled prepaid tax receipts in the amount of $3555.13, creating a deficiency of $837.12, as provided by §5546-12a GC.

"It is therefore ordered, pursuant to §5546-12a GC, that an assessment be made against said M. W. Seiller, d.b.a. Seiller's Department Store in the amount of $837.12 plus penalty of 15%, $125.57, making a total assessment of $962.69."

Within fifteen days after the notice of their finding was served on plaintiff he filed a formal objection with the Commission and on March 16, 1937, the Commission overruled the objection and reaffirmed the original finding.

In his petition the plaintiff alleges that the assessment is unlawful and illegal, in that plaintiff collected the tax and cancelled the tax receipts in the amount and manner prescribed by law; that the assessments were attempted to be made under authority of former §5546-12a GC, whereas said statute was repealed on December 30, 1936; that §5546-12a GC and the action of the Commission are unconstitutional as depriving him of due process of law in violation of §§2 and 15, Article I of the Ohio Constitution, in that they create a conclusive presumption that plaintiff has failed to collect the tax from the consumer as required by law, from the fact that his aggregate collection from consumers was less than 3% of his sales for the period for which the assessment was attempted to be made: that §5546-12a GC and the action of the Commission are arbitrarily discriminatory and unconstitutional, denying to the plaintiff the equal protection of the law, in that no assessment or tax is levied upon persons in the same kind and class of business as the plaintiff operates, where the majority of their sales amounts to more than eight cents each, whereas an assessment is provided to be made against the plaintiff, who has a large number of sales less than nine cents each, which are not subject to the tax, even though he has collected from each customer the required tax and cancelled prepaid tax receipts in the required amount for each taxable sale over eight cents.

It may be stated at the outset that the court cannot agree with the claim that the statute is discriminatory. It operates upon all merchants alike for sales of the same amounts.

As to the claim that §5546-12a GC under the provisions of which the assessment was made was repealed December 31, 1936, §5546-24a GC of the repealing statute is a complete answer.

The assessment was made for the year 1936, and §5546-24a GC provides that:

"The intent and purpose of this Act includes the extension of the existing tax on retail sales levied by and pursuant to §§5546-1 to 5546-24, GC, both inclusive, and all the provisions of sale sections of the General Code are hereby so extended in effect excepting as affected by the amendment herein made."

In other words, the repealing statute became effective for the year 1937, as affecting taxes on retail sales, but did not change the taxes due for 1936, nor the remedies to enforce the collection of the same.

Is then, plaintiff deprived of the protection afforded by the 'due process' clause in State and Federal Constitutions?

The statute, §5546-12 GC effective during the year 1936 provided that:

"Each vendor shall keep complete and accurate records of sales of taxable property, together with a record of the tax collected thereon * * *. Such records * * * shall be open at any time during business hours, to the inspection of the Commission, and shall be preserved for a period of three years, unless the Commission shall, in writing, consent to their destruction within that period. * * *"

Sec 5546-12a GC provided as follows:

"When an examination and audit of the vendor's books and records, by the Commission and its agents, discloses no separate records of the tax collected from the consumers and the amount of such collection, or that the aggregate collection from consumers is less than 3% of the vendor's sales, it shall be conclusive that the vendor has failed to collect the tax from the consumer, and in such cases the Commission shall make a finding and assessment of the amount of tax plus a penalty of 15% of the amount thereof, which the vendor should have collected and proceed forthwith to collect the same. * * *"

It is argued by counsel for defendants that in order to avoid the payment of 3% on total sales it was incumbent on plaintiff to have kept records which would show the amount of the actual tax collectible for the sales made, but a reading of the statute demonstrates that that would not have availed.

If such a record is kept and the aggregate collection is less than 3% the statute provides for a conclusive presumption that the vendor has failed to properly collect the tax.

This is a manifest inconsistency, since it would render ineffective the exemptions so far as the vendor is concerned. Let us suppose a case where a vendor's sales were all eight cents or less, which by the statute are exempt from tax, yet, according to the provisions of §5546-12a GC, the vendor would be liable for an assessment, even though he had complete records of all sales.

It needs no citation of authority to show that such a provision is invalid since it nullifies the direct provisions of █ the sales tax law with reference to exempt sales. No conclusive presumption can be indulged, the effect of which is to nullify other provisions of the statute. The █ court concludes, therefore, that when the petition states that plaintiff has collected and paid the legal tax on all sales made by him during the year 1936, he has stated facts sufficient to constitute a cause of action. If he has in fact collected and paid the legal tax he should not be called upon to pay an additional amount.

The conclusion reached would probably have been different had the conjunction "and" been used in the statute instead of the disjunctive "or", where it is stated that where there are no records of the tax collected * * * OR that the aggregate collection from consumers is less than 3%.

The demurrer is overruled.