Turner, J.
 

 The question presented by this record is limited to whether a vendor authorized under Section 5546-5, General Code, to prepay sales taxes may be required to pay as such taxes more than 3 percentum of his taxable sales.
 

 
 *556
 
 On April 17,1940, appellant made application to prepay the sales tax and waive the collection of the tax from the purchaser, in which application appellant agreed to pay the state upon the receipts it received from its gross taxable sales 5 per cent of such receipts, reserving, however, the right of appeal to the Tax Commissioner for a redetermination of the rate established.
 

 Appellant did appeal to the Tax Commissioner for a redetermination of the rate and on May 3, 1940, the Tax Commissioner made an order denying prepayment at the rate of 3 per cent, from which order appellant appealed to the Board of Tax Appeals which affirmed the order of the Tax Commissioner denying appellant’s application. In the order of May 3, 1940, the Tax Commissioner found: “* * * after investigation that * * * the manual collection of the sales tax on other such taxable sales of applicant at the Cleveland Stadium and similar parks results in a tax collection of at least five per cent. ’ ’
 

 Section 5546-5, General Code, is not a tax-levying section, neither does it contain any limitation on the tax rates provided in Section 5546-2, General Code. Section 5546-5, General Code, provides an alternative method of collection of sales taxes in exceptional eases. Such method of collection is a departure from the general theory of the sales-tax act that such taxes may not be borne by the vendor. The reason for the departure is the recognition that the conditions of the business of some vendors may be such as to render impracticable the collection from the purchaser.
 

 Appellant attempts to enforce its argument that the state is limited to a collection of not to exceed 3 per cent from it, by calling attention to the provision for prepaid sales-tax cards, made effective by the amendment of Section 5546-1, General Code (116 Ohio Laws, pt. 2, 70, and retained in the revision, 116 Ohio Laws,
 
 *557
 
 pt. 2, 325), and Section 5546-12a, General Code (116 Ohio Laws, pt. 2, 333), which levies a
 
 privilege
 
 tax on the vendors, to be computed at the rate of 3 per cent of their taxable sales less full credit for all prepaid tax receipts cancelled.
 

 Neither of these sections supports appellant’s argument.. A vendor who prepays under Section 5546-5, General Code, has no use for prepaid sales-tax cards.
 

 Section 5546-12u, General Code, levies an excise tax of 3 percentum of receipts upon the privilege of engaging in the business of making retail sales. The privilege tax imposed by that section is determined by deducting from the sum representing 3 percentum of the receipts from taxable retail sales, the amount of tax paid to the state by means of cancelling prepaid tax receipts in accordance with the provisions of Section 5546-3, General Code. It is specifically provided that the section is not to be so construed or applied as to affect any duty of the vendor under Sections 5546-1 to 5546-17, both inclusive, of the General Code.
 

 In its decision in this proceeding the Board of Tax Appeals said, after quoting from Sections 5546-2, 5546-3 and 5546-5, of the General Code:
 

 “The Board of Tax Appeals further finds that from the aforesaid sections of the Code a vendor may be relieved of the collection of the tax from the consumer upon application and upon showing that it would be impracticable to collect the tax from the consumer, but in no instance does the statutes provide that the vendor is relieved from paying the same amount of tax that would have been collected from the consumer in the event that the tax had been paid by the consumer on each individual sale made by the vendor.”
 

 We approve the foregoing quotation from the finding as a proper statement of the law applicable to the instant proceeding.
 

 The question presented by this record is limited to
 
 *558
 
 the power of the Tax Commissioner to deny appellant’s claimed right to prepayment of the taxes at the rate of 3 per cent of all sales other than exempt sales made by appellant. The record presents no question of the Tax Commissioner’s procedure to estimate the prepayment or bond liability of such a vendor or of the procedure to make settlement with such vendor. However, this should be a simple matter for the reason that Section 5546-5, General Code, also provides: “* * * nor shall the authority so granted be exercised nor the vendor or vendors actually selling such products be exempted from the other provisions of this act by virtue thereof unless the person to whom such authority is granted shall print plainly upon the product sold or offered for sale, a statement to the effect that the tax levied by this act has been paid in advance. ’ ’
 

 It must be assumed, in the absence of evidence to the contrary, that at the hearing provided under Section 5546-5, General Code, the Tax Commissioner did ascertain the kind and price of products to be sold and did provide that a record of the vendor’s transactions would be made to the end that the liability, if any, under the bond provided for by such section and the deposit required by the commissioner, be determined.
 

 It is to be observed that in addition to the bond to be given under Section 5546-5, General Code, the Tax Commissioner, under his power to adopt and promiilgate such rules and regulations as he deems necessary to carry out the provisions of the act, has provided in the application form for vendors who desire to prepay the sales tax and waive the collection of the tax from the consumer, as follows:
 

 “5. If authorized to prepay the tax, applicant or applicants agree, to make an
 
 advance
 
 deposit in an amount which shall be equal to......per cent ( %) of the
 
 estimated
 
 amount of sales of tangible personal property (exclusive of beer, and cigarette sales) for
 
 *559
 
 each......period. This amount will remain on deposit until a final audit of taxable sales is completed for the year 19... When it is determined that the proper amount of the tax due has been paid, said deposit will be returned.” (Italics ours.)
 

 The bond and deposit are for the purpose of security and in fixing the amount of both the bond and the deposit we see no objection to the use by the Tax Commissioner of a reasonable percentage figure of estimated receipts. Such percentage figure does not fix a tax rate but is simply to be used in estimating the security for the payment of the taxes at the rates prescribed in Section 5546-2, General Code.
 

 Being of the opinion that the decision of the Board of Tax Appeals is reasonable and lawful such decision is hereby affirmed.
 

 Decision affirmed.
 

 Weygandt, C. J., Matthias, Hart, Zimmerman, Bell and Williams, JJ., concur.