Zimmerman, J.
 

 Is the decision of the Board of Tax Appeals unreasonable or unlawful in determining that appellant’s sales are taxable or that appellant is subject to a tax within the purview of the Ohio Sales Tax Act? . .
 

 It is plain that appellant’s devices delivered but a single drink for the price of five cents. Appellant contends: “Every sale was a separate nontaxable sale, complete in itself as to purchase, payment and delivery;” hence, no valid assessment could be made un
 
 *473
 
 der the sales tax law because appellant made no taxable sales.
 

 Section 5546-2, General Code, a part of the Sales Tax Act, provides that for the purpose of providing revenue to meet the needs of the state for specified objects “an excise tax is hereby levied on each retail sale made in this state of tangible personal property on and after the first day of January, 1935, with the exceptions hereinafter mentioned * *
 

 The tax imposed is as follows:
 

 ‘ ‘ One cent, if the price is forty cents or less;
 

 “Two cents, if the price is more than forty cents and not more than seventy cents;
 

 “Three cents, if the price is more than seventy cents and not more than one dollar.”
 

 Section 5546-2, General Code, definitely states:
 
 “If the price is less than nine cents, no tax shall- be imposed.”
 
 (Emphasis ours.)
 

 Section 5546-3, General Code, stipulates that, with certain exceptions not involved herein, “the tax imposed by Section 5546-2 of the General Code shall be paid by the consumer to the vendor in every instance, and it shall be the duty of each vendor to collect from the consumer the full and exact amount of the tax payable in respect of each taxable sale, and to evidence the payment of the tax in each case by cancelling prepaid tax receipts, equal in face value to the amount thereof * *
 

 It is apparent that while a vendor making taxable sales must supply himself with prepaid tax receipts, thus prepaying the tax into the public treasury, the sales tax is essentially a consumers tax ultimately paid bj7 the consumer.
 

 The Ohio sales tax is sometimes referred to as a tliree-per-cent tax, but it will be readily seen that on certain sales the tax is considerably more than that.
 
 *474
 
 For example, on a ten cent sale the tax is ten per cent. It stands to reason, therefore, that many vendors dealing largely in lower priced items collect an average tax appreciably in excess of three per cent.
 

 We now come to Section 5546-12n, General Code. As originally enacted in December of 1935 (116 Ohio Laws, pt. 2, 77), that section read:
 

 “When an examination and audit of the vendor’s books and records, by the commission and its agents, discloses no separate records of the tax collected from the consumers and the amount of such collections, or that the aggregate collection from consumers is less than three per centum of the vendor’s sales, it shall be conclusively presumed that the vendor has failed to collect the tax from the consumer and in such cases the commission .shall make a finding and assessment of the amount of the tax, plus a penalty of fifteen per centum of the amount thereof, which the vendor should have collected and proceed forthwith to collect the same. * *
 

 The section as quoted was held invalid by the Court of Common Pleas of Franklin county on the ground that its effect was to nullify the direct provisions of the sales tax law with respect to sales upon which no tax is imposed.
 
 (Seiller
 
 v.
 
 Dunn,
 
 26 Ohio Law Abs., 266, 11 Ohio Opinions, 290, 4 Ohio Supp., 367.)
 

 Section 5546-12a, General Code, as quoted, was repealed in December of 1936 (116 Ohio Laws, pt. 2, 338), and the section as presently in force was enacted (116 Ohio Laws, pt. 2, 333), effective January 1, 1937. It now reads:
 

 “In addition to the tax levied in Section 5546-2 of the General Code and for the purpose of providing revenue with which to meet the needs of the state for • poor relief in the existing economic crisis, for the use .of the general revenue fund of the state, for the pur
 
 *475
 
 pose of securing a thorough and efficient system of common schools throughout the state, and for the purpose of affording revenues, in addition to those from general property taxes, permitted under constitutional limitations, and from other sources, for the support of local governmental functions, and for the purpose of reimbursing the state for the expense of administering this act, beginning January 1, 1937, there is hereby levied upon the privilege of engaging in the business of making retail sales, an excise tax of three per centum of the receipts derived from all such retail sales, excepting those to which the excise tax imposed by Section 5546-2 of the General Code is made inapplicable by subparagraphs 1 to 12, inclusive, of said section. The tax imposed by this section shall be determined by deducting from the sum representing three per centum of the receipts from such retail sales the amount of tax paid to the state by means of cancelling prepaid tax receipts in accordance with the provisions of Section 5546-3 of the General Code. This section shall not be so construed or applied as to affect any duty of the vendor under Sections 5546-1 to 5546-17, both inclusive, of the General Code, nor the liability of any consumer, to pay any tax'imposed by Section 5546-2 of the General Code.”
 

 In the opinion of this court, Section 5546-12», General Code, in its original form and as it now exists, is designed primarily to insure to the state the receipt of the excise tax levied by Section 5546-2, General Code, and does not impose an independent tax, despite some language which might convey that impression.
 

 It is always the duty of a court to construe a statute, if possible, in a manner to give it a constitutional operation. In. accordance with such rule, Section 5546-12», General Code, should be interpreted as excluding a vendor wholly engaged in the making of separate
 
 *476
 
 sales of a commodity at a price less than nine cents per unit, such sales not being taxable under the express terms of Section 5546-2, General Code. If Section 5546-12a were to be applied to such a vendor who collects no tax from the consumer, the vendor would be paying three per cent on his gross retail sales entirely out of his own pocket, while other vendors in the same vicinity selling similar and other commodities, some of their sales being taxable and others not, would have the privilege and advantage of deducting “the amount of the "tax paid to the state by means of cancelling prepaid tax receipts,” for which expenditure they have been reimbursed by the consumer, thus placing them in a more favored position and in some instances, at least, causing them to pay little or nothing. The result would be an unfair discrimination among vendors, in violation of the equal protection clauses of Section 2, Article I of the Constitution of Ohio and the 14th Amendment to the Constitution of the United States.
 

 Courts have repeatedly held that to be valid, taxation and other statutes must operate equally upon all persons of the same class; no discrimination or favoritism among them is permitted. This rule includes excise taxes. See 51 American Jurisprudence, 212, Section 159.
 

 Confining the operation of Section
 
 5546-12a,
 
 General Code, to vendors making taxable sales is in harmony with Section 5546-126, General Code, immediately following, which pertains to semiannual returns by vendors showing receipts from taxable sales and the amount of the tax due, and which by its terms is limited'to vendors “making sales subject'to the tax levied in Section 5546-2 of the General Code.”
 

 It is our conclusion that appellants sales, as described, are not subject to a tax under Section 5546-2,
 
 *477
 
 General Code, and tliat Section 5546-120., General Code, is without application.
 

 Upon the basis of this opinion, it becomes unnecessary to discuss or decide other questions raised by the appellant.
 

 The decision of the Board of Tax Appeals is unreasonable and unlawful and is accordingly reversed.
 

 Decision reversed.
 

 Weygandt, C. J., Bell, Williams, Turner, Matthias and Hart, JJ., concur.