YOUNGSTOWN SHEET & TUBE CO. ET AL., APPELLEES, *v.* CITY OF YOUNGSTOWN ET AL., APPELLANTS.

YOUNGSTOWN SHEET & TUBE CO. ET AL., APPELLEES, *v.* CITY OF CAMPBELL ET AL., APPELLANTS.

432

(Nos. 3491 and 3498—Decided November 19, 1951.)

*Messrs. Dargusch, Caren, Greek & King, Messrs. Manchester, Bennett, Powers & Ullman* and *Messrs. Harrington, Huxley & Smith,* for appellees.

*Mr. H. H. Hunt,* director of law, and *Mr. I. Freeman,* for appellant city of Youngstown.

*Mr. Paul VanSuch* and *Mr. W. P. Barnum,* for appellant city of Campbell..

Fess, J. These appeals are on questions of law and fact from judgments in separate cases permanently enjoining the defendants from levying and collecting income taxes under the provisions of certain ordinances of the municipalities on the ground that such ordinances are repugnant to Section 2, Article I and Section 4, Article XIII of the Constitution of Ohio, and to the Fourteenth Amendment to the Constitution of the United States.

I. The Youngstown Income Tax Ordinance.

As amended on January 10, 1951 (effective January 23, 1951), the Youngstown income tax ordinance levys a tax of .3 per cent per annum on compensation and net profits of residents and a like tax upon compensation received and net profits earned by nonresi-

dents, other than corporations, for services performed or business conducted within the city of Youngstown. A tax of one per cent per annum is levied upon the net profits of corporations having an office or place of business in Youngstown. The tax is limited to such part of the net profits as is earned by such corporations as a result of business conducted in the city, determined according to a certain formula set forth in the ordinance.

The power of cities to levy an income tax has been definitely established. *Angell* v. *City of Toledo,* 153 Ohio St., 179, 91 N. E. (2d), 250. At the outset, appellees attempt to divide taxes into three classes, (1) poll, (2) property, and (3) excise. Appellees contend that the income tax is a property tax within the purport of the term as employed in the Constitution of Ohio. The city contends that it is in the nature of an excise tax and is to be distinguished from other forms of taxation. Whether an income tax is a property or an excise tax has not been definitely determined in Ohio. In the opinion in *Angell* v. *City of Toledo, supra*, it is said:

"While an income tax may be regarded as in the nature of an excise tax, the Constitution of Ohio differentiates an excise tax from an income tax. * * * In the interpretation of the Ohio Constitution an income tax is not to be treated as an excise tax."

Analogically, the Ohio Constitution differentiates an income tax from a property tax as well as from an excise tax and in interpreting the Constitution, an income tax should not be treated as a property tax.

Income taxes are not of recent origin. *Shaffer* v. *Carter, Aud.,* 252 U. S., 37, 51, 64 L. Ed., 445, 40 S. Ct., 221; argument of George F. Edmunds in *Pollock* v. *Farmers Loan & Trust Co.,* 157 U. S., 429, 488, 489, 39 L. Ed., 759, 15 S. Ct., 673. Prior to the adoption of the federal Constitution, nearly all the states imposed a

poll tax and taxes on land, livestock, and various kinds of personal property; and seven of the thirteen states assessed their citizens upon their profits from professions, trades and employments. *Pollock* v. *Farmers Loan & Trust Co., supra.* Prior to the *Pollock case,* federal taxes on successions, business transactions and incomes were sustained as excise taxes and as such constituted indirect taxes not subject to apportionment but subject to the principle of uniformity. *Pacific Ins. Co.* v. *Soule, Collector,* 74 U. S. (7 Wall.), 433, 19 L. Ed., 95; *Veazie Bank* v. *Fenno,* 75 U. S. (8 Wall.), 533, 544, 546, 19 L. Ed., 482; *National Bank* v. *United States,* 101 U. S., 1, 25 L. Ed., 979; *Scholey* v. *Rew,* 90 U. S. (23 Wall.), 331, 23 L. Ed., 99; *Michigan Central Rd. Co.* v. *Slack, Collector,* 100 U. S., 595, 25 L. Ed., 647; *Springer* v. *United States,* 102 U. S., 586, 26 L. Ed., 253. The *Pollock case* did not overrule the prior decisions but distinguished them in holding that the tax on rents was a tax on the real estate itself and, therefore, a direct tax.

But the mere question of definitions has no legitimate bearing upon a question of constitutionality. The decision whether a municipal tax contravenes rights secured by the Constitution must depend not upon any mere question of form, construction, or definition, but upon the practical effect of the tax imposed. A state may tax the incomes of its own citizens and residents because of the privileges they enjoy under its constitution and laws and the protection they receive from the state. A state, from whose laws property, business and industry derive the protection and security without which production and gainful occupation would be impossible, may also exact a share of those gains in the form of income taxes for the support of the government, from nonresidents. Just as a state may impose income taxes upon its own citizens whose persons are subject to its control, it may, as a necessary

consequence, levy a duty of like character and not more onerous in its effect upon incomes accruing to nonresidents from their property and business within the state. *Shaffer* v. *Carter, supra.* It is therefore concluded that under the Ohio Constitution the income tax in question is neither a property tax nor an excise tax but is a special tax—an income tax—and that the tax in question does not violate Section 4 of Article XIII of the Constitution.

However, the requirement of equal protection prescribed by Section 2, Article I of the Ohio Constitution, and the Fourteenth Amendment to the United States Constitution prevents discrimination as between persons subject to taxation. All taxpayers similarly situated are entitled to equality of treatment under any Ohio tax law. To be valid, taxation and other statutes must operate equally upon all persons of the same class; no discrimination or favoritism among them is permitted. *Winslow-Spacarb, Inc.,* v. *Evatt, Tax Commr.,* 144 Ohio St., 471, 476, 59 N. E. (2d), 924.

Private corporations are regarded as persons within the meaning of the constitutional provisions relating to persons. *Wheeling Bridge & Terminal Ry. Co.* v. *Gilmore,* 8 C. C., 658, 4 C. D., 366, 1 O. D., 390; *State* v. *Gardner,* 58 Ohio St., 599, 609, 51 N. E., 136, 65 Am. St. Rep., 785, 41 L. R. A., 689; *Wheeling Steel Corp.* v. *Glander, Tax Commr.,* 337 U. S., 562, 574, 93 L. Ed., 1544, 69 S. Ct., 1291.

Section 2 of Article I does not declare that every person shall receive the same amount of protection and benefit but does declare that "Government is instituted for their [the people's] equal protection and benefit." Equal protection means the protection of equal laws. *State, ex rel. Werber,* v. *Felton,* 77 Ohio St., 554, 571, 84 N. E., 85. It is, however, manifestly impossible to obtain an absolute universality of operation, and due regard must be had as to different cap-

abilities, conditions and relations between men and physical forces. There is a wide latitude of selection of classification, and it is only when the power of selection has been abused that the courts may interfere. Legislation involving classification will not be held invalid unless the classification attempted is obviously unreasonable to the point of discriminating against members of the same class, so as to deny the equal protection of the laws. *City of Xenia* v. *Schmidt*, 101 Ohio St., 437, 130 N. E., 24. A classification must rest upon some difference which bears a reasonable and just relation to the act in respect to which the classification is proposed and may not be made arbitrarily and without any such reasonable or just basis. Class legislation is prohibited; but legislation which is limited in its application and within the sphere of its operation affects alike all persons similarly situated is not invalid. *State* v. *Felton, supra,* 574.

One of the most sensible tests is whether any substantial favor is gained by one class, or any greater burden is fastened on the other by reason of the classification. *State, ex rel. Turner, Atty. Genl.,* v. *United States Fidelity & Guaranty Co. of Baltimore,* 96 Ohio St., 250, 255, 117 N. E., 232. A classification which undertakes to arbitrarily separate some persons from others upon which the act would operate and thus form a class, not upon any reasonable basis of different characteristics, capriciously, but as a matter of will and not of reason, is invalid. *Williams* v. *Donough,* 65 Ohio St., 499, 504, 63 N. E., 84. Cf. *Chambers* v. *Owens-Ames-Kimball Co.,* 146 Ohio St., 559, 67 N. E. (2d), 439, 165 A. L. R., 1373. Specifically, a classification for taxation, to be valid, must be a classification of the subject of taxation—property—and not a classification of taxpayers. *State, ex rel. Struble,* v. *Davis et al., Tax Commission,* 132 Ohio St., 555, 564, 9 N. E. (2d), 684; *State, ex rel. Hostetter,* v. *Hunt et al., Exrs.,*

132 Ohio St., 568, 577, 9 N. E. (2d), 676; *Winslow-Spacarb, Inc.*, v. *Evatt, supra.*

The classification in the instant case is between individuals and corporations. Individuals are to pay one rate and corporations a higher rate. There is apparent no reasonable basis for distinguishing the different rates as between natural persons and corporations. It follows that the ordinance violates Section 2 of Article I of the Ohio Constitution.

. The tax is also repugnant to the equal protection clause of the Fourteenth Amendment. No doubt there are subjects as to which corporations admittedly may be accorded different treatment, but there are other subjects as to which such a course is not permissible, the distinguishing principle being that classification must rest on differences pertinent to the subject in respect to which the classification is made. *Power Mfg. Co.* v. *Saunders,* 274 U. S., 490, 494, 71 L. Ed., 1165, 47 S. Ct., 678. The equal protection clause does not forbid classification. The power of the state to classify for purposes of taxation is of wide range and flexibility, provided always that the classification must be reasonable, not arbitrary, and must rest upon some ground of difference having a fair and substantial relation to the object of the legislation, so that all persons similarly situated shall be treated alike. *F. S. Royster Guano Co.* v. *Virginia,* 253 U. S., 412, 415, 64 L. Ed., 989, 990, 40 S. Ct., 560; *Air-way Electric Appliance Corp.* v. *Day, Treas.,* 266 U. S., 71, 85, 69 L. Ed., 169, 177, 45 S. Ct., 12; *Schlesinger et al, Exrs.,* v. *Wisconsin,* 270 U. S., 230, 240, 70 L. Ed., 557, 564, 43 A. L. R., 1224, 46 S. Ct., 260. That is to say, mere difference is not enough; the attempted classification "must always rest upon some difference which bears a reasonable and just relation to the act in respect to which the classification is proposed, and can never be made arbitrarily and without any such basis." *Gulf,*

*Colorado & Santa Fe Ry. Co.* v. *Ellis,* 165 U. S., 150, 155, 41 L. Ed., 666, 668, 17 S. Ct., 255; *Louisville Gas & Electric Co.* v. *Coleman, Aud.,* 277 U. S., 32, 37, 72 L. Ed., 770, 48 S. Ct., 423.

In 1920 Pennsylvania enacted a law providing for a tax on gross receipts derived by corporations from their operation of taxicabs in intrastate transportation of passengers, but did not tax the like receipts of individuals engaged in the same kind of business. In *Quaker City Cab Co.* v. *Pennsylvania,* 277 U. S., 389, 72 L. Ed., 927, 48 S. Ct., 553, the Supreme Court held that the act violated the equal protection clause of the Fourteenth Amendment. The court said:

"* * * Here the tax is one that can be laid upon receipts belonging to a natural person quite as conveniently as upon those of a corporation. It is not peculiarly applicable to corporations as are taxes on their capital stock or franchises. It is not taken in lieu of any other tax or used as a measure of one intended to fall elsewhere. It is laid upon and is to be considered and tested as a tax on gross receipts; it is specifically that and nothing else.

"In effect section 23 divides those operating taxicabs into two classes. The gross receipts of incorporated operators are taxed while those of natural persons and partnerships carrying on the same business are not. The character of the owner is the sole fact on which the distinction and discrimination are made to depend. The tax is imposed merely because the owner is a corporation. The discrimination is not justified by any difference in the source of the receipts or in the situation or character of the property employed. It follows that the section fails to meet the requirement that a classification to be consistent with the equal protection clause must be based on a real and substantial difference having reasonable relation to the subject of the legislation. *Power Co.* v. *Saunders,*

*supra* [274 U. S., 490]. No decision of this court gives support to such a classification. In no view can it be held to have more than an arbirtrary basis. As construed and applied by the state court in this case, the section violates the equal protection clause of the Fourteenth Amendment. See *The Railroad Tax Cases,* 13 Fed., 722; *County of Santa Clara* v. *Southern Pacific R. R. Co.,* 18 Fed., 385; *Northern Pacific R. R. Co.* v. *Walker,* 47 Fed., 681. The tax can not be sustained.''

It should be pointed out, however, that Justices Holmes, Brandeis and Stone dissented, principally on the ground that the discrimination between corporations and individuals with regard to a gross receipts tax can not be pronounced arbitrary. The dissenting opinions refer to the decision in *Flint* v. *Stone Tracy Co.,* 220 U. S., 107, 55 L. Ed., 389, Ann. Cas. 1912B, 1312, 31 S. Ct., 342, which sustained the Corporation Tax Act of 1909 imposing a tax of one per cent on the net income of corporations, with no corresponding tax on the income of individuals. The corporation tax was attacked under the Fifth Amendment, but Justice Stone could see no reason for not applying it to the Fourteenth Amendment as well. However, during the intervening twenty-four years, the Supreme Court has not seen fit to overrule the *Quaker City Cab case.*

It is therefore concluded that as to appellees, the Youngstown income tax ordinance violates Section 2 of Article I of the Constitution of Ohio and that appellees are denied the equal protection of the laws of Ohio under the Fourteenth Amendment to the Constitution of the United States.

Our finding and judgment is the same as that of the Common Pleas Court, and the cause is remanded to that court for execution for costs and further proceedings, if any are necessary.

II. The Campbell Income Tax Ordinance.

The Campbell ordinance levies an income tax of .7

per cent per annum upon net profits of corporations earned as a result of business activities conducted in the city of Campbell. On its face, the discrimination is not as apparent as in the Youngstown ordinance levying the tax on individuals at one rate and upon corporations at a higher rate. It is stipulated, however, that no other ordinance of the city taxes individuals or partnerships and exempts corporations, and no other ordinance taxes individuals or partnerships or their property at a rate different from that at which corporations or their property is taxed.

In *Flint* v. *Stone Tracy Co., supra*, the constitutionality of the corporation income tax law arose under the Fifth Amendment, and the court said, as obiter, that even if the Fourteenth Amendment applied, there was a sufficiently substantial difference between business as carried on in the manner specified in the act and as carried on by partnerships and individuals to justify the classification. The court held that the tax therein imposed was not a franchise tax but a tax upon the doing of business with the advantages which inhere in the peculiarities of corporate or joint-stock organizations of the character described in the act; that the requirement to pay such excise taxes involved the exercise of the privilege; and that if business is not done in the manner described, no tax is payable.

But as indicated above, the validity of the classification as between corporations and individuals under the Fourteenth Amendment was definitely decided by the Supreme Court in 1927 in *Quaker City Cab Co.* v. *Pennsylvania, supra*, and, although rendered by a divided court, the decision has not been overruled. As recently as 1948, the Supreme Court in *Wheeling Steel Corp.* v. *Glander, Tax Commr., supra*, held that the Ohio tax levying an ad valorem tax on accounts receivable of foreign corporations derived from sales of goods manufactured in Ohio, not used in the conduct of

their business in Ohio, but used in their general business, denied such foreign corporations the equal protection of the laws. Accounts receivable of identical nature owned by residents and domestic corporations were exempt from the tax. The inequality to which foreign corporations were subjected was not based on Ohio's relation to the decisive transaction, but solely on the difference in residence of the owner of the accounts receivable. It is of interest to note that in that case the decision of the Ohio Supreme Court sustaining the tax in question (*National Distillers Products Corp.* v. *Glander, Tax Commr.*, 150 Ohio St., 229, 80 N. E. [2d], 863) was reversed.

It is therefore concluded that the appellees herein have been denied the equal protection of the laws of Ohio guaranteed by the Fourteenth Amendment, and that the Campbell ordinance likewise violates Section 2, Article I of the Ohio Constitution and the Fourteenth Amendment of the Constitution of the United States.

Our finding and judgment is the same as that of the Common Pleas Court, and the cause is remanded to that court for execution for costs and further proceedings, if any are necessary.

*Judgments for appellees.*

CONN and SAVORD, JJ., concur.

FESS, CONN and SAVORD, JJ., of the Sixth Appellate District, sitting by designation in the Seventh Appellate District.