Stewart, J.
It is conceded that, under the Cleveland Concession Co. case, supra, the sales tax paid by appellees to the state was illegally and erroneously paid.
Under Section 5546-8, General Code (Section 5739. 07, Revised Code), it is the duty of the Treasurer of State to refund to a vendor the amount of sales tax illegally or erroneously paid, where the vendor has not reimbursed himself from the consumer.
*75 Rule No. 132 of the Tax Commissioner supplements Section 5546-8, General Code, and reads as follows:
“When such an application is filed by a vendor, it must be shown that the tax was collected from a consumer, remitted to the state of Ohio, and that the applicant has either reimbursed the consumer for the amount of refund claimed or such vendor must present evidence that the consumer has agreed to await repayment until the final determination of the vendor’s application. ’ ’
It is the position of appellant, Tax Commissioner, that rule No. 132 is applicable to appellees, and since they have not complied with it they are not entitled to the refunds for which they have applied.
Whether that rule is applicable to the present situations depends upon an interpretation of the appropriate sales tax statutes.
The levying statute is Section 5546-2, General Code (Section 5739.02, Revised Code), which reads in part as follows:
“For the purpose of providing revenue * # * an excise tax is hereby levied on each retail sale made .in this state of tangible personal property # #
It will be observed that in this section no mention is made as to where the thrust of the tax is placed, whether upon the vendor or the vendee.
In Section 5546-3, General Code (Section .5739.03, Revised Code), the thrust of the tax is fixed mostly on the consumer, but with one exception. That section reads in part as follows:
“Excepting as provided in Section 5546-5 of the General Code, the tax imposed by Section 5546-2 of the General Code, shall be paid by the consumer to the vendor in every instance, and it shall be the duty of each vendor to collect from the consumer the full and exact amount of the tax payable in respect of each *76 taxable sale, and to evidence the payment of the tax in each case by cancelling prepaid tax receipts * *
Thus, the foregoing section imposes tbe tax liability upon tbe consumer in every case except as provided in Section 5546-5, G-eneral Code. This latter section authorizes a vendor to prepay the tax levied upon sales and waives the collection of the tax from the consumer in the manner otherwise provided in the act. This exception can come into being only from application by a vendor to ,the Tax Commissioner, where the latter finds that the conditions of the applicant’s business are such as to render impracticable the collection of the tax in the manner otherwise provided, where the vendor furnishes bond payable to the state to secure the prepayment of the tax, and where the vendor k> whom such authority is granted shall print plainly upon the product sold or offered for sale a statement to the effect that the tax levied has been paid in advance. Section 5546-3 makes pertinent the language of Judge Zimmerman in his opinion in Winslow-Spacarb, Inc., v. Evatt, Tax Commr., 144 Ohio St., 471, 59 N. E. (2d), 924, that “it is apparent that while a vendor making taxable sales must provide himself with prepaid tax receipts, thus prepaying the tax into the public treasury, the sales tax is essentially a consumers tax ultimately paid by the consumer.” As has been stated, appellees were authorized by the Tax Commissioner to prepay the tax and waive the collection of the tax from the consumer, and, therefore, they furnished no cancelled tax stamps to the consumer. Appellees fully complied with all the provisions of Section 5546-5, General Code. This authorization brought them within the exception noted in Section 5546-3, G-eneral Code, which imposes the thrust of the tax generally upon the consumer.
It is apparent that the sales tax, by the levying stat *77 ute, is imposed upon sales without designating those upon whom its burden must fall; and that in subsequent statutes the thrust of the tax is upon the consumer in all cases except those provided for in Section 5546-5, General Code, where the thrust is upon the vendor if he has been authorized to operate under such section and has complied therewith.
In such a situation, as the Board of Tax Appeals has said, rule No. 132 “is lawful and reasonable when applied to ordinary and usual sales generally under the general law; but by the same token it can have no application where a vendor has been authorized by the Tax Commissioner to prepay the tax in an exceptional case as provided by Revised Code Section 5739.05.”
In Cleveland Concession Co. v. Evatt, Tax Commr., 143 Ohio St., 551, 56 N. E. (2d), 174, Judge Turner in his opinion said:
“Section 5546-5, General Code, provides an alternative method of collection of sales taxes in exceptional cases. Such method of collection is a departure from the general theory of the Sales Tax Act that such taxes may not be borne by the vendor. The reason for the departure is the recognition that the conditions of the business of some vendors may be such as to render impracticable the collection from the purchaser.”
Our conclusion is that a vendor, such as appellees in the present cases, who operates under the provisions of Section 5546-5, General Code, bears the thrust of the tax upon the sales he makes, and that such placing of liability constitutes an exception to the general rule that the consumer is required to pay the tax. This conclusion is in no way in conflict with the two cases (¿ted by appellant in his briefs, namely, Winslow-Spacarb, Inc., v. Evatt, Tax Commr., supra, and Cleve *78 land Concession Co. v. Peck, Tax Commr. (159 Ohio St., 480), supra.
For the reasons given, the decisions of the Board of Tax Appeals must be, and they, hereby, are affirmed.

Decisions affirmed,.

Weygandt, C. J., Matthias, Hart, Zimmerman, Bell and Taet, JJ., concur.