GEO. BYERS SONS, INC., etc., Plaintiff-Appellant, v. METZGER, etc., et., Defendants-Appellees.

MINOR, JR., Plaintiff-Appellant, v. METZGER, etc., et., Defendants-Appellees.

Ohio Appeals, Tenth District, Franklin County.

Nos. 6378, 6379. Decided September 16, 1960.

*Messrs. McLesky & McLeskey* and *Messrs. Hamilton & Kramer,* for plaintiffs-appellants.

*Mr. Earl W. Allison,* prosecuting attorney, and *Mr. Chester H. Hummell,* assistant prosecuting attorney, for defendant-appellee, Robert L. Metzger.

*Mr. Mark McElroy,* attorney general, *Mr. Joseph D. Karam* and *Mr. Robert J. Kosydar,* assistant attorneys general, for defendants-appellees, Stanley J. Bowers, and Mark McElroy.

(McLAUGHLIN, J., of the Fifth Appellate District, sitting by designation in the Tenth District.)

For further history see *Omnibus Index* in bound volume.

DUFFY, J. These cases involve the 1959 amendments to Sections 4505.06, 5739.03, 5739.07 and 5741.08, Revised Code, which changed the procedure for payment and collection of the Ohio sales tax on the purchase of new and used automobiles. They were considered together both in the Common Pleas Court and in the Court of Appeals.

One was brought by the vendor or dealer in new and used cars, and the other by a purchaser of a new car from that dealer, and both sought to test the constitutionality of the amendments to those sections of the Revised Code.

The Common Pleas Court held that the law, as amended, was constitutional, and the vendor and vendee have appealed from judgments entered against them to this Court. A summary of the factual situation set forth in the petition shows that on or about the 17th day of July, 1959, Edward H. Minor, Jr., purchased from Geo. B. Byers Sons, Inc., a 1959 Plymouth

automobile at a retail price of $2890.47 and that he demanded of Byers the canceled sales tax stamps in the amount of $86.71 to which he would have been entitled under Section 5739.03, Revised Code, prior to its amendment of July 1, 1959. Byers was willing to comply with Minor's request and attached to the application for a certificate of title, stamps in the proper amount; that Minor and George W. Byers, Sr., an officer of the corporation, together delivered the application for a certificate of title to Robert L. Metzger, Clerk of Courts of Franklin County, Ohio, and, along with the sales tax stamps, submitted the required information and tendered the fee required by law. The clerk of courts refused to issue the certificate of title and informed the parties that under the existing provisions of Section 4505.06, Revised Code, he must demand the payment of sales tax by cash, certified check, draft or money order. Minor, the purchaser, and Byers, the dealer, then filed their respective petitions against the defendants seeking a temporary and permanent injunction restraining defendants from enforcing or attempting to enforce the above mentioned sections of the Revised Code, as amended. They also sought a declaratory judgment determining that the said sections of the Revised Code are unconstitutional, void and of no effect. Their petitions allege that the law, as amended, is unconstitutional because of the discrimination it imposes against the purchasers and sellers of new and used automobiles and denies them due process of law and equal protection under the law in contravention of Article I, Sections 1, 2, 16 and 19 of the Ohio Constitution and the Fourteenth Amendment to the Constitution of the United States. They do not question the right of the State to tax them, nor do they object to the payment of the tax.

Minor, is a purchaser of a new automobile, contends that the enumerated sections of the Revised Code, as amended, attempt to discriminate against him as a purchaser of tangible personal property and to deprive him of a thing of value, prepaid sales tax stamps in the amount of $86.71, which stamps he intended to give to the Aladdin Temple of the Shrine and which would be redeemable by the Aladdin Temple; and that while he is compelled to pay the sales tax the same as the purchasers of other tangible personal property, the purchasers

of tangible personal property, other than motor vehicles, are, upon payment of the state sales tax, given redeemable sales tax stamps which they in turn can deliver to their favorite charity or religious organization.

Byers contends that the amended statutes attempt to discriminate against him as a licensed vendor and as a licensed motor vehicle dealer with respect to the prepaid sales tax stamps, and that the amended statutes deprive him and other licensed motor vehicle dealers of the 2% discount on the amount of said sales tax stamps which is given to all other retail vendors of tangible personal property subject to the Ohio sales tax; and that the amended statutes prevent Byers and other licensed motor vehicle dealers from giving a thing of value to a purchaser at retail, namely, prepaid sales tax stamps which are redeemable by charitable and religious organizations; and that the amended statutes impose upon Byers and other licensed motor vehicle dealers additional burden in the collection of and the handling of said tax money.

The Common Pleas Court found and the defendants contend that the amended statutes operate equally upon all purchasers of automobiles and all licensed dealers of motor vehicles, and that there is no discrimination within their classifiaction; and that the law deals with the mode and manner of collection of taxes which are matters exclusively within the discretion of the legislature.

While, at first blush, this does not appear to be a serious matter and does affect all purchasers and sellers of automobiles equally, we should remember that this is not a tax only on the purchase of automobiles but is a general sales tax imposed upon the retail purchases of tangible personal property and, with certain enumerated exceptions, applies generally to all such purchases made within the State.

It should also be remembered that a classification for taxation, to be valid, must be a classification of the subject of taxation as here, tangible personal property, and not a classification of taxpayers; that all taxpayers similarly situated are entitled to equal treatment under any Ohio tax law; and that each tax law must operate equally upon all persons of the same class with no discrimination or favoritism among them

permitted. See *State, ex rel. Struble* v. *Davis, et al., Tax Commr.*, 132 Ohio St., 555, at p. 564, 9 N. E. (2d), 684; *State, ex rel. Hostetter* v. *Hunt et al., Exrs., et al.*, 132 Ohio St., 568, at p. 577, 9 N. E. (2d), 676; *Winslow-Spacarb, Inc.* v. *Evatt, Tax Commr.*, 144 Ohio St., 471, 59 N. E. (2d), 924; *Youngstown Sheet & Tube Co. et al.,* v. *City of Youngstown et al.*, 91 Ohio App., 431, at p. 436.

It should be remembered that Article I, Section 2 of the Constitution of Ohio provides that "All political power is inherent in the people. Government is instituted for their equal protection *and benefit,* * * *" (emphasis ours), and that our legislature has the power to distinguish and classify subjects of legislation so long as the classification is not unnatural, arbitrary or unreasonable, but, as Chief Justice Nichols stated:

"It is not always an easy matter, by the mere examination of a statute, where classification of any sort is attempted, to determine whether the classification is arbitrary, unreasonable and unnatural. Probably one of the most sensible tests is to determine whether any substantial favor is gained by the one class or any greater burden is fastened on the other by reason of the classification."

See *State, ex rel. Turner, Attorney General,* v. *The United States Fidelity & Guaranty Company of Baltimore, Maryland*, 96 Ohio St., 250, at p. 255; *Youngstown Sheet & Tube Co. et al.,* v. *City of Youngstown et al., supra.*

In this case we are called upon to determine whether the purchasers and dealers of automobiles suffer any additional burden over those imposed upon other vendors and vendees subject to the Ohio sales tax laws, and whether the law grants substantial favors to the latter and not to the purchasers and sellers of automobiles.

There is a clear discrimination against the vendors and purchasers of automobiles not experienced by other vendors and purchasers subject to this sales tax law. All other purchasers under the law do receive sales tax stamps which are redeemable in cash when placed in the hands of charitable and religious organizations, and the discrimination against this class of purchasers is not removed by a finding that they are a part of the general public which benefits from this law be-

cause of increased tax receipts which are kept by the state of Ohio and used for payment of state obligations.

The vendor of new and used automobiles is the only vendor who is not permitted to give to his purchasers at the time he collects the state sales tax, receipts which are redeemable, and he is the only vendor who collects the Ohio sales tax who is not entitled to some form of payment, either by poundage or by discount, for the collection of this tax under the laws of the state of Ohio. It is true that other vendors receive the discount of 2% "* * * as a commission for handling and canceling such prepaid tax receipts" (Section 5739.07, Revised Code), and under the laws, as amended, the dealers are not burdened with the handling of sales tax stamps but they are still required to collect and turn over the tax to the clerk of courts at the time a certificate of title for the automobile is applied for, and the law does give the clerk a poundage fee for his collection of the tax from the automobile dealer who, by law, was required to collect it from the purchaser of the automobile.

We are not dealing with possible differences in the treatment of those who must collect and pay the sales tax, as there was a clear attempt by the legislature to treat them differently. See *National Tube Co.* v. *Peck, Tax Commr.*, 159 Ohio St., 99, Syllabus No. 6.

Holding that the proper classifications to be considered are those of vendor and vendee of tangible personal property, which include motor vehicles, we believe that there is a discrimination shown against the petitioners, and even though the amended law does retain more usable funds for the State, it does not give equal benefits to the petitioners as the Constitution provides, and should have been declared unconstitutional.

If sub-classifications are to be made the Constitution still requires that the burdens and benefits be substantially uniform on each of such classes.

The judgment of the Court of Common Pleas in each case will be reversed.

BRYANT, P. J., and McLAUGHLIN, JJ., concur.