Ralph F. ARNOLD et al., Appellants,

v.

Louis G. BERRA, Collector of Revenue for the City of St. Louis, Respondent.

No. 49134.

Supreme Court of Missouri,

En Banc.

March 11, 1963.

Rehearing Denied April 8, 1963.

Stanford S. Meyer, Meyer & Meyer, Belleville, Ill., Hillary H. Hallett, Wiseman & Hallett, Alton, Ill., John L. Sullivan, St. Louis, for appellants.

Thomas J. Neenan, City Counselor, Thomas F. McGuire, Associate City Counselor, John J. Fitzgibbons, Asst. City Counselor, St. Louis, Paul Welch, Donald Gunn, St. Louis, for respondent Louis G. Berra, Collector of Revenue for City of St. Louis.

BARRETT, Commissioner.

The plaintiff, Ralph F. Arnold, a resident of Illinois, on behalf of himself and other similarly situated nonresidents of Missouri, instituted this action for a declaratory judgment and an injunction contesting the validity of Ordinance 47063, the earnings tax ordinance of the City of St. Louis. The ordinance and its amendments in 1954, 1959, 1960, and 1961, were enacted after the General Assembly's new enabling act, Laws of Missouri 1953, 2nd Ex.Sess., p. 14, authorizing any constitutional charter city to levy and collect, as far as material here, an earnings tax on the salaries, wages and other compensation of its residents and "on the salaries, wages, commissions and other compensation earned by nonresidents of the city for work done or services performed or rendered in the city * * *." 7 V.A.M.S. Supp., Sec. 92.110. Incidentally, the plaintiff does not challenge the validity of the enabling act as the parties challenged the original act (Laws Mo. 1951, p. 334) in Walters v. City of St. Louis, 364 Mo. 56, 259 S.W.2d 377. The trial court decreed the ordinance to be reasonable, constitutional and valid and specifically found that the allegations in the plaintiff's pleadings did not entitle him to relief and, therefore, dismissed the action and the plaintiff has appealed.

In his petition the plaintiff alleges that he is a resident of Illinois, that he and those similarly situated have been continuously employed "by various boards, offices, commissions and agencies of the United States" and that their employment requires the performance of their duties in the City of St. Louis. After alleging the facts with respect to the enactment and enforcement of the earnings tax ordinance, the plaintiff alleges that he and other residents of Illinois are subjected to numerous taxes by the State of Illinois and its political subdivisions "which said taxes duplicate in source or use" the tax levied by St. Louis. The petition alleges that the tax ordinance is unconstitutional and invalid in several respects, but upon this appeal it is urged that the ordinance is invalid for two reasons: (1) that it infringes the Fourteenth Amendment of the Constitution of the United States, because it "deprives non-resident workers in the City of St. Louis, of property without due process of law by exacting a tax from them without any corresponding benefit" and (2) that it "places an undue burden on interstate commerce by taxing plaintiffs' gross incomes and by duplicating in source or use taxes levied by the State of Illinois and its political subdivisions" and thus contravenes the commerce clause, Art. 1, Sec. 8, Constitution of the United States.

■ A so-called "earnings tax" is "a species of income or excise tax," and in substance the ordinance involved here and its predecessors were modeled after similar ordinances in Philadelphia and Toledo. Carter Carburetor Corp. v. City of St. Louis, 356 Mo. 646, 653, 654, 203 S.W.2d 438, 440, 441. But the first earnings tax ordinance, involved in the Carter Carburetor case, was declared invalid because there was then, 1947, no specific or implied authority in the City of St. Louis to levy such a tax. As soon as the specific authority to levy the tax was granted (Laws Mo.1951, p. 334) and an ordinance enacted, both the enabling act and the ordinance were upheld as against the constitutional and other objections then made against them. Walters v. City of St. Louis, supra; Walters v. City of St. Louis, 347 U.S. 231, 74 S.Ct. 505, 98 L.Ed. 660. The specific objection first made here, that a tax is exacted without corresponding benefit or service and therefore federal due process is infringed, was not urged in those cases but the same argument has been made in other jurisdictions and decided against the appellant.

In Angell v. City of Toledo, 153 Ohio St. 179, 91 N.E.2d 250, it was pointed out that the taxing city afforded fire and police protection to the plaintiff's employer and thus afforded the nonresident a protected place in which to work. In a case involving the Philadelphia ordinance it was pointed out that there was an obligation on the city to protect all persons, that its obligation might be called into play any time and that at all times the nonresident plaintiff had the right to use the city's streets, bridges, police protection, as well as its other facilities. Kiker v. City of Philadelphia, 346 Pa. 624, 31 A.2d 289; certiorari denied 320 U.S. 741, 64 S.Ct. 41, 88 L.Ed. 439. And, in another Ohio case, it was pointed out that the nonresident employee used the city streets which of course were patrolled by city police. City of Cincinnati v. Faig, (Ohio Mun.Ct.) 145 N.E.2d 563.

■ Of course "a state taxing statute which discriminates against interstate commerce is invalid" (annotation 117 A.L.R. 444), for example, as in the annotated case, Adams Mfg. Co. v. Storen, 304 U.S. 307, 58 S.Ct. 913, 82 L.Ed. 1365, an Indiana gross income tax when applied to the gross receipts of a corporation which, although its factory and principal place of business was within the state, sells most of its products to customers in other states was an unconstitutional burden on interstate commerce. On the other hand, in the same year, 1938, New Mexico levied a 2% tax on the gross receipts from the sale of advertising but, since "all the events upon which the tax is conditioned * * * occur in New Mexico and

not elsewhere," it was held that the tax was not an unconstitutional infringement upon interstate commerce. Western Live Stock v. Bureau of Revenue, 303 U.S. 250, 58 S. Ct. 546, 82 L.Ed. 823. But the appellant in this case is an individual, a person, and is not concerned with that part of either the ordinance or the statute which taxes the "net profits of associations" and "the net profits earned by all corporations." 7 V.A. M.S.Supp., Sec. 92.110.

■■ The only assault on the tax here is that it "duplicates many of the taxes levied by the State of Illinois and its political subdivisions, as for example, sales taxes and franchise taxes." It is said that "the entire gross income of plaintiffs is taxed without allowance for the necessary expenses of interstate movement" and therefore "in effect then becomes a privilege tax for entering the city to seek a livelihood." In the first place, it has become established that "nonresident individuals may be subjected to a state tax on income earned within the state." Annotations 156 A.L.R. 1370, 1373, 90 A.L.R. 484, 15 A.L.R. 1326; Atkinson v. State Tax Comm., 303 U.S. 20, 58 S.Ct. 419, 82 L.Ed. 621. In the second place, the St. Louis earnings tax "is not a tax imposed for the privilege of the taxpayer to engage in or practice the particular business or profession" and neither, it might be added, is it a tax upon the privilege of entering and working in the city, and it is not a property tax. Lawyers' Association of St. Louis v. City of St. Louis (Mo.App.), 294 S.W.2d 676; Youngstown Sheet & Tube Co. v. City of Youngstown, 91 Ohio App. 431, 108 N.E.2d 571. And upon this record "all the events upon which the tax is conditioned" occur in Missouri. In its final analysis the only distinguishing factor in this case is the fact that the plaintiff and those similarly situated are residents of Illinois and no doubt pay certain taxes to the State of Illinois and its political subdivisions, but the mere incidence of these factors does not demonstrate that the earnings tax is therefore an undue or improper burden on interstate commerce.

In short, upon this record the St Louis earnings tax is not unconstitutional and invalid as to these parties for the reasons here urged, accordingly the judgment is affirmed.

PER CURIAM.

The foregoing opinion by BARRETT, C., is adopted as the opinion of the Court en Banc.

All of the Judges concur.