## AMES v CONSOLIDATED IRON-STEEL MFG. CO

Ohio Appeals, 8th Dist, Cuyahoga Co
No 10986. Decided Nov 10, 1930

Frey, Oliver & Meerlander, Cleveland, for Ames.

J. R. Kistner, Cleveland, for Mfg Co.

VICKERY, PJ.

We should have thought that this case came squarely within the decision of the Supreme Court of Ohio reported in **111 Oh St 812, Industrial Commission of Ohio vs. Monroe, et al**, and it surely would have been conclusive had not another question been raised in the instant case, and that is: admitting the authority of the 111 Oh St, supra, the law itself which denied the right of appeal in this class of cases was unconstitutional and, therefore, void, inasmuch as it discriminated in favor of one class of compensable injuires as distinguished from others provided for in the same chapter relating to compensable injuries under

the Industrial Compensation Act. We must say there is some force in this argument, but upon an examination of the 111 Oh St supra case, we think the Supreme Court must have passed upon that question likewise for, in the opinion of the court,—and it must be remembered it is a Per Curiam decision concurred in by five of the seven Supreme Court Judges,—the court used this language:

"The Legislature by the state Constitution is given the right to enact laws relative to the compensation fund; the right of appeal is a statutory right and by legislative action this right may be given or denied. The sole question, then, being whether in occupational disease cases the Legislature intended to allow an appeal, a majority of the court are of opinion that the plain letter of the statute denies this right.

"It is not for this court to pass upon the wisdom or reasons for denying such privilege. At common law there was no liability for damages for occupational diseases, but by statute, (109 O.L., 183), the Legislature has classified in 15 different divisions diseases occupational in character that are compensable, and in granting this right it by the same act denies the privilege of appeal. It would seem that any injury which the spirit and letter of the Compensation Act regarded as entitled to compensation should be placed upon the same footing as other injuries with respect to the right to have a denial of compensation reviewed upon appeal, but the Legislature has seen fit to provide otherwise, and **we cannot deny its right to do so.**"

Analyzing the above, one can come to no other conclusion than that if the action itself was not constitutional the Legislature would have no right to pass it and, therefore, in the Supreme Court's justifying the rights of the Legislature, it inferentially passed upon the constitutionality of the statute, and inasmuch as courts should construe statutes to be constitutional rather than unconstitutional, it seems hardly fitting for this Court to declare the statute unconstitutional after it has been reviewed by the Supreme Court and held, inferentially at least, to be constitutional.

We, therefore, can see no reason why this case should not be affirmed upon the authority of the case in 111 O.S., supra.

Judgment affirmed.

CLINE, J, (Concurring)

In the opinion of Judge Vickery he adverted to the fact that the Supreme Court held that there is no appeal to the courts from the Industrial Commission by one who has been injured by an occupational disease incurred in the course of his employment. The Supreme Court in that case, however, did not directly pass on the constitutionality of this phase of the Act, but inasmuch as the decision in the case of **Industrial Commission vs Monroe, 111 Oh St 812,** denied the right of appeal from the Industrial Commission by a person who had been injured by an occupational disease acquired during the course of his employment, I concur in the affirmance of this judgment because the Supreme Court may have considered the question of the constitutionality of the Occupational Disease Act, although the text of the decision refrained from any mention thereof.

The right to receive compensation from the Industrial Commission for occupational diseases is one granted by the Legislature under authority of the Constitution. It is therefore a right which has been acquired by the employe. Since the right to have compensation for occupational diseases was granted by the Legislature, the question arises whether or not the Legislature can deprive the person of his further right to an appeal to the courts from the decision of the Industrial Commission.

The purpose for which the law was enacted, and natural justice, would seen to require that a citizen who has a right given to him under the law, should have at least one opportunity to have reviewed in the courts, a decision, made against him by an administrative board, which denied him the benefits of that right.

We are aware that in certain cases the employer is barred by the Legislature from his right to appeal to the courts. In the Occupation Disease Act no such right of appeal to the courts is given to the sick employe. The right is not **taken away,** by the Legislature in the Occupational Disease Law, but it is not extended to him. The Act excludes from the operation of the Occupational Disease Law, that portion of the General Workman's Compensation Act which applies to appeals to the courts. There is no direct statement in the law to the effect that a person afflicted with an occupational disease has no appeal to the

court, but it withdraws from the Occupational Disease Act that portion of the General Workman's Compensation Act permitting an appeal to the injured workman.

Why an injured workman who is denied compensation is entitled to an appeal, when a sick workman, rendered ill in consequence of his employment, may not have that appeal, smacks too greatly of unjust discrimination to be sound.

Were it not for the decision of the Supreme Court in Industrial Commission vs Monroe supra, I would be inclined to the opinion that the general laws of the State, giving to every citizen the right to appeal to the courts to protect his rights and redress his wrongs, applies to all decisions of the Industrial Commission. Out of deference to the Supreme Court decision only, do we concur in the decision in this case.

Levine, J, concurs.