Matthias, J.
 

 This is a criminal case. In announcing our conclusions upon the issue made by the indictment and the defendant’s plea of not guilty, we are not considering or deciding any question of civil liability.
 

 It is disclosed by the record that a purchase agreement was entered into by The Anderson-Jeffries Motor Company and Allison, the purchaser of a certain automobile, which agreement contained provisions clearly making it a conditional sales contract. Upon the payment of the required cash installment, a bill of sale was duly executed and the automobile was delivered to the purchaser who thereafter executed and delivered to The Anderson-Jeffries Motor Company a note covering the balance of the purchase price, together with a chattel mortgage on the automobile as security therefor, which' note and chattel mortgage were subsequently duly assigned to Associates Investment Company.
 

 
 *458
 
 It is contended by the defendant that the note and mortgage executed following the delivery of the automobile, together with the bill of sale therefor, superseded the conditional sales contract, and further that such contract was not assigned to it and consequently it is not bound by or in anywise affected by its terms. However, in the view we take of the primary and paramount question presented, we may assume that the transaction involved and included the assignment of the conditional sales agreement to the defendant, the Associates Investment Company. The question thus presented is whether an assignee of such contract may be held criminally liable under the provisions' of Section 12464, General Code, for failure to comply with the requirement set forth in Section 8570, General Code.
 

 The provisions of Section 8570, General Code, essential to a. consideration of our question are as follows:
 

 “When such property * *
 
 *
 
 is so sold * * * the person who sold * * * or his assigns or the agent or ser-' vant of either or their agent or servant shall not take possession of such property, without tendering or refunding to the purchaser * *
 
 *
 
 the money so paid after deducting therefrom a reasonable compensation for the use of such property, which in no case shall exceed fifty per cent of the amount so paid, anything in the contract to the contrary notwithstanding, and whether such condition be expressed in the contract or not, unless such property has been broken, or actually damaged, when a reasonable compensation for such breakage or damage shall be allowed. But the vendor shall not be required to tender or refund any part of the amount so paid unless it exceeds twenty-five per cent of the contract price of the property.”
 

 The essential provisions of Section 12464, General Code, are as follows:
 

 “Whoever, being the
 
 vendor
 
 of personal property # * * to be paid for in whole or in part in installments
 
 *459
 
 * * * on. condition that it shall belong to the person purchasing * * * or receiving it whenever the amounts paid shall aggregate either a certain sum or the value of such property, the title thereof to remain in the vendor * * * or deliverer until such sum or the value of such property or part thereof has been paid,
 
 violates any provision of law in taking
 
 possession, or repossession of said property, shall be fined not more than one hundred dollars.” (Italics ours.)
 

 Though the assignee of a. conditional sales contract comes within the specific terms of Section 8570, General Code, it is to be observed that only civil liability is there involved. "We must look to the provisions of Section 12464, General Code, which does impose criminal liability to ascertain whether the defendant, being the assignee of such conditional sales contract, falls within the penal provisions of that statute.
 

 The rules of construction to be applied to the terms and provisions of criminal statutes are so clearly stated and so well established as to scarcely require repetition or the citation of authority to support them. As stated in 2 Sutherland on Statutory Construction (2 Ed.), 963, Section 520:
 

 “That penal statutes are to be strictly construed has become a maxim of the law, affirmed and illustrated by innumerable cases * * *. Nothing is to be regarded as included within them that is not within their letter as well as their spirit; nothing that is not clearly and intelligibly described in the very words of the statute, as well as manifestly intended by the Legislature.”
 

 "We need not go further than the decisions of our own court for cases in point. The gist of these decisions is stated in 12 Ohio Jurisprudence, 55, Section 12, where supporting decisions are cited. A statement therefrom particularly applicable here is as follows: “An act, to be punishable as a crime in Ohio, must be specifically embraced within the terms of some
 
 *460
 
 statute. Where a statute defining an offense designates one class of persons as subject to its penalty all other persons are deemed to be exempted therefrom. ’ ’
 

 The only class of persons designated in the statute in question is vendors of personal property. It is argued that the defendant as assignee is a vendor by reason of the provisions of Section 8456, General Code, where a “seller” is defined as being “a person who sells or agrees to sell goods, or any legal successor in interest of such person.”
 

 It is to be observed, however, that this section is a part of the Uniform Sales Act and has no relation whatever to provisions . of Section 12464, General Code; but in the original act (99 Ohio Laws, 434) the definition was expressly limited to that act, and thereafter in the codification of 1910 specifically limited to that chapter.
 

 If we are to look to the history of the legislation of the statutes involvedt herein to ascertain the intention of the Legislature, we will find that Section 2 of the original act (82 Ohio Laws, 239) enumerated the requirements of the vendor upon repossession of the personal property, while Section 3 provided for the punishment of “any person violating any of the provisions of Section 2.”
 

 Subsequently Sections 2 and 3 became Sections 4155-3 and 4155-4, Revised Statutes. Thereafter, in 1902 (95 Ohio Laws, 60), Section 4155-3 was amended in several respects, one being the addition of the phrase, “or his assigns,” there being no change in Section 4155-4. No further amendment was made in either section until 1910 when, in the codification, Section 4155-3, Revised Statutes, became Section 8570, General Code, in which the phrase, “or his assigns,” was retained.
 

 It is significant, however, that at that time Section 4155-4, Revised Statutes, was completely reconstructed
 
 *461
 
 and made a part of the chapter on crimes and offenses pertaining to property. Though an assignee was previously within the purview of Section 4155-4, Be-vised Statutes, he was not included as the statute was rewritten and reenacted. The Legislature thus manifested a clear intent and purpose not to include but, on the contrary, to eliminate the word “assigns” and thus to retain only the word “vendor” within the operative effect of the provisions of Section 12464, General Code.
 

 "Where an existing statute is thus amended by the Legislature by striking out such an important word or phrase, the reinsertion of that word or phrase in the statute by judicial interpretation or construction would be the most inexcusable judicial legislation.
 

 The judgment of the Court of Appeals is reversed- and, it clearly appearing that the indictment charged no offense against the defendant, final judgment is rendered for the defendant.
 

 Judgment reversed.
 

 Day, Zimmerman, Williams, Myers and Hart, JJ., concur.