VILLAGE OF BRIDGEPORT, APPELLEE, *v.* FRATERNAL ORDER
OF EAGLES, AERIE No. 995, APPELLANT.

(No. 894—Decided January 8, 1954.)

Mr. *Harold B. Thomas,* for appellee.
Mr. *Simon F. Carpino* and Mr. *Benjamin S.
Schwartz,* for appellant.

*Per Curiam.* It is now settled that ''bingo'' for any
purpose whatsoever is unlawful in Ohio. See *City of
Columbus* v. *Barr,* 160 Ohio St., 209, 115 N. E. (2d),
391.

Ordinance No. 669 of the village of Bridgeport, Bel-
mont County, Ohio, in force on January 21, 1952, pro-
vides as follows:

''Ordinance No. 669—To prohibit gambling and
provide penalties for violations.

''Be it ordained by the council of the village of
Bridgeport, state of Ohio:

''Section 1. That it shall be unlawful to keep or ex-
hibit for gain, a gambling device or machine by what-
ever name or designation it may be known, within the
village of Bridgeport, Ohio.

''Section 2. That it shall be unlawful to establish,
open, carry on or promote any scheme of chance by

whatever name, style or title denominated or known within the village of Bridgeport, Ohio.

"Section 3. That whoever violates the provisions of sections 1 or 2 of this ordinance shall be deemed guilty of a misdemeanor, and upon conviction, shall be fined not less than the sum of $100 for each violation, and each day of violation shall be deemed to be a separate and distinct offense.

"Section 4. That this ordinance shall be in force and effect from and after the earliest period allowed by law."

The affidavit upon which the defendant, Fraternal Order of Eagles, Aerie No. 995, was charged, convicted, and sentenced is as follows:

"In the Mayor's Court of Bridgeport, Belmont County, Ohio.

"Neal Schafer, Mayor, State of Ohio, Village of Bridgeport, v. Fraternal Order of Eagles No. 995, Bridgeport, Ohio.

"Affidavit Charging Offense, Violation of State Law

"State of Ohio, Bridgeport, Belmont County, SS.

"Before me, Neal Schafer, Mayor of Bridgeport, in and for said county, personally came Robert Sutton who, being first duly sworn according to law, deposes and says that on or about the 21st day of January, 1952, at Bridgeport, county of Belmont, state of Ohio, The Fraternal Order of Eagles Aerie No. 995 in the village of Bridgeport, Ohio, did unlawfully operate and carry on a scheme of chance, to wit, bingo. That Wm. Benline is a trustee for said Fraternal Order of Eagles No. 995 and permitted said scheme of chance to operate, contrary to the form of the ordinances in such cases made and provided, and against the peace and dignity of the village of Bridgeport, state of Ohio, further, deponent says not.

"Robert Sutton."

The burden was on the village to prove every essential element necessary to a conviction of the defendant. The jury did not convict the trustee named in the affidavit.

Nothing in the record shows or indicates that the Fraternal Order of Eagles, Aerie No. 995, is incorporated. Of course it is not a natural person. The word, "whoever," used in the ordinance can mean only a natural person or a corporation. In the case of *State* v. *Fremont Lodge of Loyal Order of Moose*, 151 Ohio St., 19, 84 N. E. (2d), 498, the Supreme Court of Ohio held in the syllabus, as follows:

"1. The criminal law of Ohio is statutory.

"2. Penal statutes are strictly construed. Where a statute defining an offense designates one class of persons as subject to its penalty, all other persons are deemed to be exempted therefrom. (*State* v. *Associates Investment Co.*, 136 Ohio St., 456, approved and followed.)

"3. There is no provision in the criminal laws of this state for the prosecution of an unincorporated voluntary group or association as an entity.

"4. An unincorporated group or association does not come within the definition of 'whoever' in Section 13067, General Code, or Section 12371, General Code.

"5. An information which charges an unincorporated group or association with an offense is demurrable."

In his charge to the jury the judge stated:

"I further charge you that a corporation *or an association* may and can, as a matter of law, be guilty of a misdemeanor if the offense charged to and against it was done with the knowledge or at the direction and instance of the officers, directors or trustees of the corporation or association and in such event the corpora-

248

tion or association could be as guilty as a natural person would be if he or she had committed the same act.''

By such charge the trial court was clearly in error and thus is explained the conviction of the defendant, there being no evidence that the defendant was other than a voluntary association of persons without corporate entity.

Although there are other errors in the charge to the jury and in the sentence imposed by the trial court, mention of such errors is superflous since the conviction of the defendant was unauthorized and contrary to law.

Accordingly, the judgment of the trial court is reversed, and the defendant is discharged.

*Judgment reversed.*

GRIFFITH, P. J., PHILLIPS and NICHOLS, JJ., concur.