The State of Ohio, Appellee, *v.* Sidell, Appellant.

[Cite as State v. Sidell (1972), 30 Ohio St. 2d 45.]

(No. 71-511—Decided May 3, 1972.)

46

Mr. *Richard J. Wessel,* prosecuting attorney, for appellee.

Messrs. *Kyte, Conlan, Wulsin & Vogeler,* Mr. *D. Michael Poast,* for appellant.

LEACH, J. The basic contentions of defendant-appellant may be summarized as follows:

(1) That conviction cannot be had for violation of R. C. 3773.22 merely by allegation of proof that a defendant "did disturb the peace and good order of the community by conducting himself in a disorderly manner" without any allegation or proof that defendant was intoxicated at such time;

(2) That, as a matter of legislative intent, the use of obscene language, being specifically forbidden by other statutes of Ohio under certain circumstances, is not included within the prohibitions of R. C. 3773.22; and

(3) That if the statute be construed as prohibiting, without further legislative definition or judicial restriction, all disorderly conduct, the statute would be unconstitutionally vague and indefinite, and thus unenforceable.

So far as pertinent, R. C. 3773.22 reads as follows:

"No person shall be found in a state of intoxicaton or, being intoxicated, shall disturb the peace and good order, or shall conduct himself in a disorderly manner. * * *"

The trial court took the position that the provision, "shall conduct himself in a disorderly manner," is a separate clause, under which a defendant might be convicted without proof of intoxication. **We disagree. By** reference to the legislative history[1] of the statute, and by

———

[1] By the enactment of R. C. 1.49, effective January 3, 1972, the General Assembly itself has legislatively recognized certain basic rules of statutory construction, long followed by the courts, the statute providing:

applying the principle that where a criminal statute is ambiguous all doubts as to its interpretation must be resolved against the state and in favor of the accused,[2] we conclude that the language in question is not a separate and distinct clause of the statute.

As construed by the trial court, the applicable language of the statute would read: "No person * * * shall conduct himself in a disorderly manner." We conclude that the proper reading of the applicable language of the statute is: "No person * * * being intoxicated * * * shall conduct himself in a disorderly manner."

In reaching this conclusion, we are fully cognizant of the fact that such a legislative intent would have been clearer if the comma after the word "order" and the third "shall" of the sentence were removed. In such event, there would be no ambiguity and the pertinent language of the statute would read: "No person * * * being intoxicated, shall disturb the peace and good order or conduct himself in a disorderly manner." We recognize that the presence of the comma[3] and the third "shall" tends toward

---

"If a statute is ambiguous, the court, in determining the intention of the Legislature, may consider among other matters:

"(A) The object sought to be attained;

"(B) The circumstances under which the statute was enacted;

"(C) The legislative history;

"(D) The common law or former statutory provisions, including laws upon the same or similar subjects;

"(E) The consequences of a particular construction;

"(F) The administrative construction of the statute."

[2]See *Shultz* v. *Cambridge* (1883), 38 Ohio St. 659; *State* v. *Meyers* (1897), 56 Ohio St. 340; *State* v. *Associates Investment Co.* (1940), 136 Ohio St. 456; *Cleveland* v. *Jorski* (1944), 142 Ohio St. 529; *State* v. *Conley* (1947), 147 Ohio St. 351; *State* v. *Fremont Lodge of Loyal Order of Moose* (1949), 151 Ohio St. 19; *Mariemont Taxi* v. *Cincinnati* (1954), 162 Ohio St. 163.

[3]As noted in *Weiss* v. *Porterfield* (1971), 27 Ohio St. 2d 117, at page 120, and in *Crowl* v. *DeLuca* (1972), 29 Ohio St. 2d 53, at page 61, the placement of a comma is not necessarily indicative of legislative intent and where the true meaning of the Legislature is manifest, punctuation may be disregarded. See, also, *Albright* v. *Payne* (1885), 43 Ohio St. 8.

ambiguity, but by the application of the principle of strict statutory construction of criminal statutes, we conclude that the thrust of the particular statute, which defendant was charged with violating, is directed against the excessive consumption of alcoholic beverages, and that the *sine qua non* thereof is proof of intoxication.

Tracing the legislative history of the statute under consideration, we find that it was originally enacted in 1854 as section 5 of an Act "to provide against the evils resulting from the sale of intoxicating liquors in the state of Ohio." 52 Ohio Laws 153. As such, and as amended in 1859 (56 Ohio Laws 173), it appeared in R. S. 6940, at which time it read as follows: "Whoever is found in a state of intoxication shall be fined five dollars."

It was later recodified as G. C. 13194, and, as amended in 1921 (109 Ohio Laws 232), read as follows:

"Whoever is found in a state of intoxication or whoever, being intoxicated, shall disturb the peace and good order, or shall conduct himself in a disorderly manner, shall be fined not less than five dollars nor more than one hundred dollars. A justice of the peace shall have final jurisdiction to hear and determine any prosecution arising under this section."

Except for the change in the last sentence from "justice of the peace" to "county court," effective January 1, 1958 (127 Ohio Laws 1107), no change has been made in this statute since its 1921 amendment, except for recodification as a part of the Revised Code, effective October 1, 1953.

By the terms of R. C. 1.24, the General Assembly, in enacting the Act which adopted the Revised Code, specifically declared its intent "not to change the law as heretofore expressed by the section or sections of the General Code in effect on the date of enactment of this Act."

G. C. 13194 was a part of Chapter 17, entitled "Offenses Relating to Intoxicating Liquors." By the terms of R. C. 1.24, the recodification of the statute under R. C. Chapter 3773, designated "Disorderly conduct; Sunday

prohibitions,'' cannot be construed as changing the law as it existed prior to the 1953 recodification.

The pertinent language of G. C. 13194 was "whoever, being intoxicated, shall disturb the peace and good order, or shall conduct himself in a disorderly manner, shall be fined * * *." Although not an example of perfect English grammar, we think it clear that the words "being intoxicated" had reference to both the clause "shall disturb the peace and good order" and the clause "shall conduct himself in a disorderly manner."

In this connection, it might be observed that although the prosecution appears to concede that "being intoxicated" is a requirement for conviction of that portion of R. C. 3773.22, which provides that a person shall not "disturb the peace and good order," apparently all parties concerned have overlooked the fact that such a charge was a part of the affidavit charging defendant with a violation of R. C. 3773.22. The charge was not merely that defendant did "conduct himself in a disorderly manner," but, instead, was that he "did disturb the peace and good order of the community by conducting himself in a disorderly manner."

Concluding, as we have, that to constitute a violation of R. C. 3773.22, it is not sufficient merely to allege and prove that the defendant conducted himself in a disorderly manner, but that it must also be alleged and proved that defendant was intoxicated at such time, we do not reach the issues of whether, *if* the statute were construed as not requiring proof of intoxication, conviction could be had thereunder predicated upon the use of obscene language, or whether, in such event, the statute would be unconstitutionally vague and indefinite.[4]

---

[4] As to the constitutional issue, if the statute were so construed, see *Gooding* v. *Wilson*, decided by the United States Supreme Court on March 23, 1972, 40 L. W. 4329. See, also, *Coates* v. *Cincinnati* (1971), 398 U. S. 902, 26 L. Ed. 2d 60; *Cohen* v. *California* (1971), 403 U. S. 15, 29 L. Ed. 2d 284; *Chaplinsky* v. *New Hampshire* (1942), 315 U. S. 568.

For the reason heretofore stated, we reverse the judgment of the Court of Appeals, and the cause is remanded to the trial court with instructions to discharge the defendant.

*Judgment reversed.*

O'NEILL, C. J., SCHNEIDER, HERBERT, CORRIGAN, STERN and BROWN, JJ., concur.

