OPINION
This is an accelerated appeal from the Ashtabula County Court, Eastern Division. Appellant, Eric R. Thompson, appeals the trial court's denial of his motion to dismiss the charge filed against him. For the following reasons, we affirm the judgment of the trial court.
We note at the outset that we feel the issue raised in this case is worthy of reconsideration by the Supreme Court of Ohio. Specifically, we urge the Supreme Court to take the opportunity to address the result inState v. Faulk (June 16, 1979), Case No. 78-1443, if this matter is appealed. Faulk, which was predicated on equal protection grounds, was reversed on the authority of State v. Phipps (1979), 58 Ohio St.2d 271, a case which dealt with vagueness under a Due Process Clause andFirst Amendment analysis.
Returning to the facts of the instant matter, on July 28, 1999, a complaint was filed against appellant. It charged him with importuning in violation of R.C. 2907.07(B), which provides that:
 "No person shall solicit a person of the same sex to engage in sexual activity with the offender, when the offender knows such solicitation is offensive to the other person, or is reckless in that regard."[1]
On August 2, 1999, appellant entered a plea of not guilty. Subsequently, on August 20, 1999, appellant filed a motion to dismiss the charge on grounds that R.C. 2907.07(B) violated of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and Section 2, Article I of the Ohio Constitution, in that the statute was discriminatorily applied solely to the homosexual community. In its September 17, 1999 judgment entry, the trial court cited to three decisions.
In the first case, although the Supreme Court of Ohio determined that R.C. 2907.07(B) was not constitutionally vague or overbroad, the court was not faced with an equal protection argument. Phipps at 280. In the second case, the First Appellate District determined that the statute was unconstitutional because it created a classification which denied homosexuals equal protection of the law under the Fourteenth Amendment.State v. Faulk (Sept. 13, 1978), Hamilton App. No. C-77486, unreported, 1978 Ohio App. LEXIS 8288. On appeal, the Supreme Court of Ohio reversed without opinion on the authority of Phipps.
In the third case, the Eighth Appellate District upheld the validity of R.C. 2907.07(B) against an equal protection challenge on the basis of the Supreme Court of Ohio decision in Faulk. State v. Lasher (Jan. 14, 1999), Cuyahoga App. No. 73085, unreported, 1999 WL 13971.
In the instant matter, this case was set for trial on October 6, 1999 before the court. On that same day, the trial court found appellant guilty of importuning under R.C. 2907.07(B) and sentenced him to six months in the county jail. The trial court explained that it had to defer to the aforementioned ruling by the Supreme Court in Faulk in recognition of the doctrine of stare decisis.
Appellant now brings this appeal and asserts the following assignments of error:
 "[1.] The trial court erred when overruling appellant's motion to dismiss in that Ohio Revised Code Section 2907.07(B) is in violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.
 "[2.] The trial court erred when overruling appellant's motion to dismiss in that Ohio Revised Code Section 2907.07(B) is in violation of the Equal Protection Clause of Section 2, Article I of the Ohio Constitution."
Accordingly, appellant argues that the trial court erred in denying his motion to dismiss the charge because R.C. 2907.07(B) violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and Section 2, Article I of the Ohio Constitution. Appellant points to the legislative committee comments which provide that the purpose of this statute was to avoid offensive sexual solicitation that may result in physical violence.
We note that the issue is not a solicitation of sex for money, but rather, the solicitation of consensual sex, which the offender knows, is offensive or reckless. In the instant matter, the facts were clear cut that appellant drove along side of a jogger and continued making offensive and lascivious remarks despite being ignored by the jogger. Hence, appellant knew his invitation was not being well received.
Appellant correctly maintains that heterosexual solicitations are just as likely to incite a violent response as those of a homosexual nature. Thus, if the true purpose behind the statute is to avoid violent responses to sexual solicitation, then all solicitation, whether heterosexual or homosexual, should be criminalized. In support of his argument, appellant cites to Faulk, 1978 Ohio App. LEXIS 8288, andPerrin.
In rebuttal, the State argues that R.C. 2907.07(B) is constitutional because it does not single out homosexuals. Rather, the statute applies to anyone, whether homosexual, heterosexual, or bisexual, who solicits someone of the same sex and knows such solicitation is offensive to the other person or is reckless in that regard. Frankly, that rationale smacks of Geduldig v. Aiello (1974), 417 U.S. 484, 496-497, which ruled that the California disability insurance program denying benefits for pregnancy related disabilities passed constitutional muster on the grounds that "[t]here is no risk from which men are protected and women are not. Likewise, there is no risk from which women are protected and men are not." It is somewhat unnerving to find that the pregnant men are treatedthe same as pregnant women rationale is alive and well today.
Further, the State maintains that R.C. 2907.07(B) does not criminalize homosexuals from soliciting consensual sexual activity. Rather, for solicitation to rise to the level of importuning under Perrin, the same sex solicitation must be with the knowledge that the recipient would find such solicitation so offensive as to incite an immediate breach of the peace. Again, we ask if that is the case, then why does this statute not apply to heterosexual encounters as well as homosexual encounters. We would respectfully suggest that the prosecution is defending the undefendable.[2]
Because appellant's two assignments of error concern the constitutionality of R.C. 2907.07(B), we will consider these assignments in a consolidated fashion.
The Fourteenth Amendment to the United States Constitution provides that "[n]o State shall * * * deny to any person within its jurisdiction the equal protection of the laws." Section 2, Article I of the Ohio Constitution provides that "[a]ll political power is inherent in the people. Government is instituted for their equal protection and benefit * * *." These two provisions are "functionally equivalent," and the standards for determining violations of equal protection are essentially the same under state and federal law. Desenco, Inc. v. Akron (1999),84 Ohio St.3d 535, 543-544. Consequently, decisions of the United States Supreme Court regarding the Fourteenth Amendment's Equal Protection Clause can be employed to give meaning to guarantees under Article I of the Ohio Constitution. State ex rel. Heller v. Miller (1980),61 Ohio St.2d 6, 8. Accordingly, we will consider the propriety of R.C.2907.07(B) under both of these constitutional provisions as a single question.
As a preliminary matter, we recognize that courts must presume that a challenged statute is constitutional. Desenco at 538. In Hughes v. OhioBur. of Motor Vehicles (1997), 79 Ohio St.3d 305, 307, the Supreme Court of Ohio acknowledged the following with regard to analyzing the constitutionality of a statute:
 "In reviewing a statute, a court, if possible, will uphold its constitutionality. Winslow-Spacarb, Inc. v. Evatt (1945), 144 Ohio St. 471, 475, 30 O.O. 97, 99, 59 N.E.2d 924, 926. All reasonable doubts as to the constitutionality of a statute must be resolved in its favor. * * * Courts have a duty to liberally construe statutes in order to save them from constitutional infirmities. Wilson v. Kennedy (1949), 151 Ohio St. 485, 492, 39 O.O. 301, 304, 86 N.E.2d 722, 725."
Our first inquiry under the equal protection analysis is to determine whether the group affected by the statute is a "suspect class." The only classes recognized as "suspect" are those involving race, alienage, and national origin. Perrin at 52. Therefore, homosexuals are not a suspect class.
Next, we must determine what level of scrutiny is to be applied to R.C. 2907.07(B). We recognize that both appellant and the State concede to the fact that homosexuals are not classified as a suspect class.Lasher at 3. Therefore, appellant's equal protection argument must be analyzed under the rational basis test. Lasher at 3; Perrin at 53.
Under the rational basis test, "we are to grant substantial deference to the predictive judgment of the General Assembly." State v. Williams
(2000), 88 Ohio St.3d 513, 531. In order to pass the scrutiny under the rational basis test, the statute need only bear a rational relationship to a legitimate state interest. Williams at 530. The statute must be "reasonable, not arbitrary, and must rest upon some ground of difference having a fair and substantial relation to the object of the legislation, so that all persons similarly circumstanced shall be treated alike." (Citation omitted.) Lasher at 3. Furthermore, the Supreme Court of Ohio has recognized that:
 "The state does not bear the burden of proving that some rational basis justifies the challenged legislation; rather, the challenger must negative every conceivable basis before an equal protection challenge will be upheld. See Heller v. Dee (1993), 509 U.S. at 320, 113 S.Ct. at 2642, 125 L.Ed.2d at 271." Williams at 531.
In the case at bar, appellant argues that R.C. 2907.07(B) does not satisfy this test because there is no rational basis for burdening only the homosexual community with criminal liability for conduct which, if exercised by a heterosexual, is legal. As a result, the statute violates the equal protection guarantees under the United States and Ohio Constitutions.
In determining whether the rational basis test has been satisfied, we must consider several Ohio cases which have dealt with an equal protection challenge to R.C. 2907.07(B). In Faulk, 1978 Ohio App. LEXIS 8288, the First Appellate District was faced with this precise issue. There, the defendant was also convicted of violating R.C. 2907.07(B) and appealed on various grounds including violation of the Equal Protection Clause under the Fourteenth Amendment.[3] Specifically, the defendant claimed that R.C. 2907.07(B) created a classification which denied homosexuals equal protection of the law. Faulk, 1978 Ohio App. LEXIS 8288, at 3-4.
The court recognized that there were two possible state interests which may have been advanced so as to justify the statute. The first state interest was discouraging homosexual conduct and promoting and protecting the heterosexual family unit. With regard to this purpose, the court concluded that the statute does not advance a state interest in deterring the initiation and development of homosexual relationships because the Ohio legislature had decriminalized homosexual conduct between consenting adults. Id. at 9-10.
The second state interests was protecting the public from offensive conduct which may provoke physical violence. As to this purpose, the court recognized that "[a] man's uninvited sexual advances to the wife of another may be just as repugnant to her and fully as provocative to her husband as a similar sexual advance made to her by a female." Id. at 10-11. The court went on to explain:
 "We are of the opinion that there is simply no rational basis for burdening only homosexuals with criminal liability for conduct which, if practiced by one having a preference for heterosexual relationships, would be entirely lawful, no matter how offensive or provocative of violence. The purpose for which R.C. 2907.07(B) was enacted, if we may take the Committee Comment as declarative, viz., the protection of the public from unwarranted, vulgar and inflammatory sexual proposals, is thus incompletely and arbitrarily served by the discriminatory prohibition contained therein. We conclude therefore that the classification created by the statute is not reasonably or rationally related to the accomplishment of the government interest urged in support thereof. * * *" at 11-12.
Accordingly, the court concluded that there was no rational basis for the different treatment accorded to homosexuals under R.C. 2907.07(B). As a result, the statute was held to be unconstitutional on its face as it created a classification which denied homosexuals equal protection of the law. Id. at 14.
Nevertheless, as we noted, Faulk was reversed by the Supreme Court of Ohio without an opinion on the authority of Phipps even though Phipps
dealt with a vagueness issue under the Due Process Clause and aFirst Amendment challenge on overbreadth grounds.
In Perrin, the defendant was found not guilty of violating R.C.2907.07(B) by the Hamilton County Municipal Court on the basis that the solicitation did not amount to fighting words, which would incite an average person to immediate fisticuffs. Perrin at 54. Although the court declined to decide the constitutional issues of the statute because it could reach the same result on other grounds, the court proceeded to analyze the defendant's equal protection argument and concluded the following:
 "We can perceive of no rational basis for burdening only homosexuals with criminal liability for conduct which, if practiced by heterosexuals, would be entirely lawful. As Justice Stewart stated in Rinaldi v. Yeager (1966), 384 U.S. 305, 309, 86 S.Ct. 1497, 1499, 16 L.Ed.2d 577, 580: `[T]he Equal Protection Clause does require that, in defining a class subject to legislation, the distinctions that are drawn have "some relevance to the purpose for which the classification is made.'"
 "The only Ohio case located of relevance is State v. Faulk (Sept. 13, 1978), Hamilton App. No. C-77486, unreported, which applied similar reasoning in holding R.C. 2907.07(B) unconstitutional on its face. However, the Ohio Supreme Court reversed Faulk
(without opinion, case No. 78-1443, June 6, 1979) on authority of State v. Phipps (1979), 58 Ohio St.2d 271, 12 O.O.3d 273, 389 N.E.2d 1128. We find this result puzzling since Faulk was predicated on equal protection grounds, while Phipps dealt with vagueness. Nevertheless, we might still feel compelled to hold that R.C. 2907.07(B) is unconstitutional on its face because there is no rational basis for imposing criminal liability for solicitation only upon homosexuals when heterosexual solicitation might be equally repugnant. However, we need not reach that result since a finding of unconstitutionality is not necessary to our decision in this case, and proper judicial restraint dictates that a court not decide constitutional issues if the same result is reached on other grounds. State, ex rel. Hofstetter, v. Kronk (1969), 20 Ohio St.2d 117, 119, 49 O.O.2d 440, 441, 254 N.E.2d 15, 17; State v. Sidell (1972), 30 Ohio St.2d 45, 49, 59 O.O.2d 74, 76, 282 N.E.2d 367, 369.
 "In addition to defendant's allegation that there exists no rational basis for burdening only homosexuals with criminal liability for conduct that would be entirely lawful if engaged in by heterosexuals, no matter how offensive or provocative of violence, we are asked to reach the same result in the case even if the statute be constitutional." Id.
at 53-54.
Finally, in Lasher, the Eighth Appellate District was faced with the exact same equal protection arguments under the United States and Ohio Constitutions as posed by appellant herein. The court rejected these arguments by stating the following:
 "Appellant presents well-reasoned and persuasive arguments addressing the viability of R.C. 2907.07(B) in light of the right to equal protection guaranteed by the U.S. and Ohio Constitutions. However, neither Perrin nor Faulk is dispositive of appellant's second assignment of error. Neither case is from this district; therefore, neither is controlling. Moreover, Perrin was not decided on constitutional grounds. Accordingly, the court's equal protection analysis regarding R.C. 2907.07(B) is merely dicta. And finally, although Phipps was not decided on an equal protection basis, the Ohio Supreme Court reversed Faulk without opinion (Case no. 78-1443, June 6, 1979), on authority of Phipps.
 "We are `bound by and must follow decisions of the Ohio Supreme Court.' Victoria Mortgage Corp. v. Williams (Apr. 25, 1996), Cuyahoga App. No. 68012, unreported, quoting Thacker v. Bd. Of Trustees of Ohio State Univ. (1971), 31 Ohio App.2d 17. Accordingly, we must overrule appellant's [equal protection arguments]." Lasher at 4-5.
We note that on appeal to the Supreme Court of Ohio, Lasher was dismissed sua sponte on the basis that the case presented "no substantial constitutional question." State v. Lasher (1999), 85 Ohio St.3d 1476.
Appellant urges this court to find error in the trial court overruling his motion to dismiss because the only written opinion of the Supreme Court of Ohio concerning the validity of R.C. 2907.07(B) is based on aFirst Amendment and Due Process analysis, not equal protection.[4] We decline to do so.
Although appellant's arguments are compelling, this court has no authority to overrule the Supreme Court of Ohio. "A court of appeals is bound by and must follow decisions of the Ohio Supreme Court, which are regarded as law unless and until reversed or overruled. * * * This court has no power to overrule a decision of the Ohio Supreme Court * * *."Schlachet v. Cleveland Clinic Found. (1995), 104 Ohio App.3d 160, 168, quoting Sherman v. Millhon (June 16, 1992), Franklin App. No. 92AP-89, unreported, 1992 WL 142368.
Even though Faulk concerned the Equal Protection Clause, it was reversed by the Supreme Court of Ohio without an opinion on authority ofPhipps, which did not deal with the Equal Protection Clause. "However, where constitutional * * * questions are argued in the case and necessarily decided, the case stands as an authority on those questions even though the opinion contains no discussion of them. Thus, a court of appeals is bound by a decision of the supreme court inferentially passing on the constitutionality of a statute." 23 Ohio Jurisprudence 3d (1998) 129-130, Courts and Judges, Section 373, citing State ex rel. Watkins v.Donahey (1924), 110 Ohio St. 494; Jeffrey Mfg. Co. v. Yates (1932), 14 Ohio L. Abs.; Ames v. Consol. Iron-Steel Mfg. Co. (1930), 9 Ohio L. Abs. 52
With considerable reluctance, this court will follow the Supreme Court's decision in Faulk, which held R.C. 2907.07(B) to be constitutional on equal protection grounds. Simply stated, we will follow the rationale of the Eight Appellate District in Lasher.
As we mentioned earlier, although the Supreme Court of Ohio was invited to consider the equal protection challenge posed in Lasher, it declined to do so. Lasher, 85 Ohio St.3d 1476. We, however, expressly invite the Supreme Court to reconsider its decision in Faulk, or more fully explain why R.C. 2907.07(B) does not violate the equal protection guarantees under the United States and Ohio Constitution.
The plain language of the statute dictates that any person, regardless of sexual orientation, who solicits someone of the same sex to engage in sexual activity and knows such solicitation is offensive to the other person or is reckless in that regard, may be prosecuted. Certainly, it is clear that protecting the public from offensive conduct, which may invoke a violent response, is a legitimate and objective state interest. As the legislative committee comments recognize:
 "The rationale for prohibiting indiscreet solicitation of deviate conduct is that the solicitation in itself can be highly repugnant to the person solicited, and there is a risk that it may provoke a violent response."
What is not clear is why that rationale would only apply to same sex solicitation and not to opposite sex solicitation. It is inherently inconsistent for the Ohio legislature to now criminalize homosexual solicitation after it has chosen to decriminalize homosexual conduct between consenting adults. Further, it is without a doubt that heterosexual solicitation may be equally repugnant, offensive and inciteful to violence as homosexual solicitation. Nevertheless, Faulk
rules.[5]
Based on the foregoing reasons, appellant's first and second assignments of error are without merit.
 _____________________________ JUDITH A. CHRISTLEY, JUDGE
FORD, P.J., concurs with Concurring Opinion, MAHONEY, J., Ret., Eleventh Appellate District, sitting by assignment, concurs.
[1] Under R.C. 2907.07(B), an individual may not be punished for "`solicit(ing) a person of the same sex to engage in sexual activity with the offender, when the offender knows such solicitation is offensive to the other person, or is reckless in that regard,' unless the solicitation, by its very utterance, inflicts injury or is likely to provoke the average person to an immediate breach of the peace." Phipps
at paragraph one of the syllabus. See, also, State v. Presley (1992),81 Ohio App.3d 721, 723; State v. Perrin (1991), 62 Ohio Misc.2d 51,54.
[2] We appreciate that the prosecution has little choice but to defend.
[3] In Faulk, no equal protection argument was raised under the Ohio Constitution. Nevertheless, as we previously mentioned, both theFourteenth Amendment to the United States Constitution and Section 2, Article I of the Ohio Constitution are functionally equivalent and the standards for determining violations of equal protection are essentially the same under state and federal law. Desenco at 543-544.
[4] Appellant seems to be referring to the Phipps decision.
[5] As an aside, we acknowledge that in Bowers v. Hardwick (1986),478 U.S. 186, the United States Supreme Court refused to extend privacy protection to homosexual relationships between consenting adults in the privacy of the home. In doing so, the Court declined to take a more expansive view to discover a new fundamental right imbedded in the Due Process Clause. Bowers at 195-196.
 CONCURRING OPINION